UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD BOOTZ,

    Plaintiff,

vs.                                                                           Case No. 15-14196

K.I.P., LLC, et al.,                                           HON. AVERN COHN

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES (Doc. 26)

I.

This is a case under the Fair Debt Collection Practices Act (FDCPA). As will be explained, the Court entered default judgments against several defendants and the remaining unserved defendants have been dismissed. Before the Court is plaintiff's motion for attorney fees. For the reasons that follow, the motion is GRANTED.

II.

Todd Bootz (Bootz) filed a complaint under the FDCPA against multiple defendants alleging unlawful debt collection tactics over a debt Bootz disputes he owed. The complaint named K.I.P., LLC, Charles Dickey, Chantelle Dickey, Marvin Rudd, China Dickey, Cecily Dickey, and John Lahey as defendants. Bootz was able to serve K.I.P., LLC, Charles Dickey, and Chantelle Dickey. However, these defendants failed to file an answer. On January 20, 2016, the Clerk of the Court entered defaults against these Defendants. (Doc. 12, 13, 14). Bootz subsequently filed a motion for entry of default judgment against these defendants. (Doc. 16). Following a hearing. The Court granted Bootz's motion for entry of default judgment and entered a money judgment

against K.I.P., LLC, Charles Dickey, and Chantelle Dickey. (Doc. 22). Bootz has voluntarily dismissed the remaining and unserved defendants, Marvin Rudd, China Dickey, Cecily Dickey and John Lahey. (Doc. 27).

III.

The FDCPA provides for an award of attorney's fees and costs upon the successful enforcement of any liability under the statute. 15 U.S.C. § 1692k(a)(3). Similarly, the Michigan consumer laws mandate an award of attorney's fees and costs upon a finding that the defendant's actions were willful. M.C.L. § 339.916, M.C.L. § 445.257. In order to be deemed to a "prevailing party," a plaintiff must have succeeded on a significant issue raised in the litigation and secured some of the benefit sought. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Phelan v. Bell, 8 F.3d 369, 373 (6th Cir.1993). Both the state and federal consumer protection statutes provide litigants with access to attorneys. "The purpose of fee shifting statutes such as the FDCPA is to ensure that plaintiffs whose damages may be relatively small may nevertheless obtain counsel to vindicate their federal rights." Shields v. Merchants & Med. Credit Corp., No. 08-14999, 2011 WL 3566485, at *2 (E.D. Mich. June 30, 2011) report and recommendation adopted sub nom. Sheilds v. Merchants & Med. Credit Corp., 2011 WL 3648425 (E.D. Mich. Aug 15, 2011).

Here, Bootz's counsel secured a default judgment of $101,000 against Defendants K.I.P., LLC, Charles Dickey, and Chantelle Dickey for their willful violations of the FDCPA and corresponding state statutes. Bootz has therefore succeeded on a significant issue and secured some of the "benefit sought" for his claims. Therefore, he is a prevailing party and may recover costs and attorney's fees for those claims.

Under Michigan law, an attorney fee award should provide a reasonable rate of return in order to insure access to competent counsel. See Jordan v. Transnational Motors, Inc., 212 Mich. App. 94, 98 (1995) (in the context of the Michigan Consumer Protection Act).

Similarly under federal law, the starting point for the calculation of a reasonable attorney's fees award "should be the determination of the fee applicant's 'Lodestar,' which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his [or her] court-ascertained reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Adcock-Ladd v. Sec'y of Treasury, 227 F.3d 343, 349 (6th Cir. 2000) (citing Hensley, 461 U.S. at 433).

The court may also consider other factors relevant to the reasonableness of any fee award to adjust that fee upward or downward. These factors include:

> (1) the time and labor required by a given case;
> (2) the novelty and difficulty of the questions presented;
> (3) the skill needed to perform the legal service properly;
> (4) the preclusion of employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the 'undesirability' of the case;
> (11) the nature and length of the professional relationship with the client; and
> (12) awards in similar cases.

See Blanchard v. Bergeron, 489 U.S. 87, 91 n. 5 (1989) (citation omitted); Hensley, 461 U.S. 424, n3 (1983)

Here, Bootz requests that the Court award him $14,814.0 in fees for the 72.87

billable hours expended in the prosecution of this case.

Having reviewed the motion, including the billing records, the Court is satisfied that hours expended were reasonable and necessary for the prosecution of this case, particularly because defendants were difficult to locate and serve.  The Court is also satisfied that the requested hourly rate for each of the attorneys is reasonable and compares favorably with the prevailing rates within this district.  Finally, the Court finds no reason to adjust the requested amount based on the factors articulated above.

Accordingly, Bootz is awarded $14,814.00 in attorney fees which represents 72.87 hours of attorney work at an averaged hourly rate of $203.00.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: May 11, 2016
      Detroit, Michigan